## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **LOCAL 268, UNITED FOOD** :<br>**AND COMMERCIAL WORKERS** :<br>**INTERNATIONAL UNION** :<br>c/o Hunter Leduc, President :<br>4062 136th St. :<br>Chippewa Falls, WI 54729 :<br>      :<br>     **Plaintiff,** :<br>      :<br>v.     :<br>      :<br>**MASON COMPANIES, INC.** :<br>c/o Corporation Service Company :<br>33 E. Main St., Suite 610 :<br>Madison, WI 53703 :<br>      :<br>     **Defendant.** : | Case No. 25-cv-538 |

### COMPLAINT AND PETITION TO COMPEL ARBITRATION
### WITH DEMAND FOR JURY TRIAL ENDORSED HEREON

Plaintiff, Local 268, United Food and Commercial Workers International Union ("Plaintiff" or "Local 268"), by and through counsel, for its Complaint and Petition to Compel Arbitration against Defendant, Mason Companies, Inc. ("Defendant" or "Mason Companies"), avers and states as follows:

### INTRODUCTION

1.    This is a suit for violation of a contract between an employer and a labor organization under Section 301 of the Labor-Management Relations Act ("LMRA"), which is codified at 29 USC § 185, and a petition for an order to compel arbitration under the Federal Arbitration Act ("FAA"), which is codified at 9 USC § 1, *et seq*.

## PARTIES

2. Local 268 is a labor organization that represents employees who are employed by Mason Companies in an industry affecting commerce.

3. Local 268 is the exclusive representative for purposes of collective bargaining for all full-time distribution center employees who are employed by Mason Companies.

4. Mason Companies is a Wisconsin corporation or other business entity that is transacting business in the State of Wisconsin.

5. Mason Companies is a retailer that sells shoes, apparel, bedding, electronics, and other products through e-commerce websites and direct mail catalogs.

6. Mason Companies is headquartered in the City of Chippewa Falls, WI.

7. Mason Companies operates a fulfillment center and one or more distribution centers (collectively "Facilities") in and/or around the City of Chippewa Falls, WI.

8. Mason Companies employs employees at its Facilities who are represented by Local 268 for purposes of collective bargaining.

9. Mason Companies is an employer whose activities affect commerce within the meaning of the LMRA, 29 USC § 151, *et seq.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the instant action based on Section 301 of the LMRA, 29 USC § 185; the provisions of the FAA, 9 USC § 1, *et seq.*; 28 USC § 1331; and 28 USC § 1337.

11. The United States District Court for the Western District of Wisconsin is a proper venue for the instant action under 28 USC § 1391(b)(1) and (b)(2) because Mason Companies is headquartered in this judicial district; it maintains a substantial and persistent physical presence in

this judicial district; and a substantial part of the events or omissions giving rise to the instant action occurred in this judicial district.

## FACTS

12.     Local 268 and Mason Companies have been parties to a series of collective bargaining agreements, including the collective bargaining agreement that is currently in effect and one or more predecessor collective bargaining agreements.

13.     Local 268 and Mason Companies were parties to and had a collective bargaining agreement that was in effect from February 1, 2022 through January 31, 2025 ("2022-25 CBA").[1]

*Termination of Melissa Dutton*

14.     Mason Companies employed Melissa Dutton ("Dutton") at its Facilities as a member of the Fulfillment Order Repair Team until on or about September 26, 2024.

15.     Mason Companies terminated Dutton's employment on or about September 26, 2024.

16.     At the time when Mason Companies terminated Dutton's employment, Dutton was a member of the bargaining unit of employees that is represented by Local 268 for purposes of collective bargaining ("Bargaining Unit").

17.     At the time when Mason Companies terminated Dutton's employment, Dutton was a member of Local 268.

18.     At the time when Mason Companies terminated Dutton's employment, Dutton was the Secretary-Treasurer for Local 268.

19.     At all times relevant, Mason Companies employed Meghan Price ("Price") as its Human Resources Director.

---

[1] A copy of the 2022-25 CBA is attached hereto as Exhibit A.

3

20. On or about September 17, 2024, Dutton sent Price a Request for Information ("RFI") via email in which Dutton requested write ups and termination paperwork for seven current and/or former employees of Mason Companies.

21. Dutton submitted the RFI to Price in Dutton's capacity as a member of Local 268's leadership.

22. The information related to disciplinary actions that Dutton sought in the RFI was relevant to Local 268's function as the collective-bargaining representative for the Bargaining Unit.

23. On or about September 23, 2024, Price provided Dutton with copies of write ups and termination paperwork in response to the RFI.

24. On or about September 24, 2024, Dutton used a printer at the Facilities to print copies of the write ups and termination paperwork that Price provided in response to the RFI.

25. Dutton was on break when she retrieved the documents from the printer.

26. On or about September 26, 2024, Mason Companies issued a Corrective Action Notice ("Notice") in which Mason Companies described its proffered justification for Dutton's termination.

27. In the Notice, Mason Companies accused Dutton of "time theft" for printing "personal documents."

28. The documents that Mason Companies referred to in the Notice as "personal documents" were, in fact, the write ups and termination paperwork that Price had provided to Dutton in response to the RFI.

29. The documents that Dutton printed were related to Local 268's function as the collective-bargaining representative for the Bargaining Unit.

30. At the time when Mason Companies terminated Dutton's employment, the 2022-25 CBA was in effect.

31. As a member of the Bargaining Unit, Dutton was employed by Mason Companies subject to the terms of the 2022-25 CBA.

32. Under the terms of the 2022-25 CBA, Mason Companies' right to discipline employees, including Dutton, was expressly limited to discipline for "just cause."

33. Mason Companies disciplined Dutton when it terminated her employment.

34. Mason Companies did not have "just cause" for Dutton's termination.

35. Mason Companies misinterpreted, misapplied, and/or violated the terms of the 2022-25 CBA when it terminated Dutton's employment without just cause.

36. Under the terms of the 2022-25 CBA, Mason Companies is prohibited from discriminating against an employee based on union membership.

37. Mason Companies terminated Dutton based on her union membership.

38. Mason Companies misinterpreted, misapplied, and/or violated the terms of the 2022-25 CBA when it discriminated against Dutton based on union membership by terminating her employment.

39. Mason Companies did not have a reasonable basis for terminating Dutton's employment in violation of the 2022-25 CBA.

40. Mason Companies has acted in bad faith by terminating Dutton's employment in violation of the 2022-25 CBA.

*Refusal to Arbitrate*

41. Article VIII of the 2022-25 CBA contains a multi-step grievance procedure ("Grievance Procedure") for settling disputes between Local 268 and Mason Companies.

5

42. Disputes between Local 268 and Mason Companies over alleged misinterpretations, misapplications, and/or violations of the terms of the 2022-25 CBA are subject to the Grievance Procedure.

43. The Grievance Procedure culminates in final and binding arbitration.

44. The Grievance Procedure empowers the arbitrator to interpret and apply the terms of the 2022-25 CBA.

45. The Grievance Procedure provides, *inter alia*, that:

<u>Discharge and Suspension.</u>  Any employee claiming to have been unjustly discharged or suspended shall be required to file a written grievance within three (3) working days of his/her discharge or suspension or he/she shall waive his/her rights hereunder.  Any claim of unjust discharge or suspension shall be taken up in the grievance procedure commencing with Step 3.

46. Dutton claimed to have been unjustly discharged.

47. Dutton filed a written grievance claiming that she was unjustly discharged ("Grievance") within the applicable time period under the Grievance Procedure.

48. Local 268 and Mason Companies took up the Grievance Procedure commencing with Step 3.

49. Step 3 of the Grievance Procedure required Price to give an answer to the Grievance.

50. On or about October 22, 2024, Price gave an answer to the Grievance.

51. Price denied the Grievance.

52. After Price gave an answer to the Grievance, Local 268 and Mason Companies mutually agreed to participate in mediation.

53. On or about December 17, 2024, Local 268 and Mason Companies participated in a mediation session.

54. Local 268 and Mason Companies did not resolve the Grievance at the mediation session.

55. Immediately after the unsuccessful mediation session, Local 268 requested to have the Grievance submitted to an arbitrator in accordance with the Grievance Procedure.

56. Local 268 submitted a request to arbitrate the Grievance in writing via email to Price on or about December 17, 2024 ("Request to Arbitrate").

57. At all times relevant, Peter Trotter ("Trotter") was the Vice President, General Counsel & Secretary for Mason Companies.

58. On or about January 10, 2025, Local 268 received an email from Trotter ("Trotter Email").

59. The Trotter Email was the first time that Mason Companies responded to Local 268's Request to Arbitrate.

60. In the Trotter Email, Trotter claimed that Mason Companies is not obligated to arbitrate the Grievance because, according to Trotter, the Grievance is not substantively arbitrable.

61. In the Trotter Email, Trotter stated that Mason Companies "declines to select an arbitrator to hear the Grievance."

62. On or about January 10, 2025, by and through counsel, Local 268 responded to the Trotter Email.

63. Via email, Local 268 rejected Mason Companies' claim that the Grievance is not substantively arbitrable.

64. In the same email, Local 268 also asked Trotter to confirm whether Mason Companies "will proceed as is required by the CBA or refuse its obligations."

65. On or about January 13, 2025, Local 268 received an email from Brian Garrison ("Garrison") ("Garrison Email").

66. In the Garrison Email, Garrison represented that he was an attorney for Mason Companies.

67. In the Garrison Email, Garrison confirmed that Mason Companies was declining to select an arbitrator.

68. Based on the Trotter Email and the Garrison Email, Mason Companies has expressly refused to arbitrate the Grievance.

69. The 2022-25 CBA was in effect at the time of the Trotter Email

70. The 2022-25 CBA was in effect at the time of the Garrison Email.

71. The 2022-25 CBA contains an arbitration agreement that requires Mason Companies to arbitrate the Grievance.

72. Mason Companies' refusal to arbitrate the Grievance is a violation of the 2022-25 CBA.

73. Mason Companies does not have a reasonable basis for refusing to arbitrate the Grievance in violation of the 2022-25 CBA.

74. Mason Companies has acted in bad faith by refusing to arbitrate the Grievance in violation of the 2022-25 CBA.

**FIRST CAUSE OF ACTION**
**Refusal to Arbitrate in Violation of a Contract under 29 USC § 185**

75. Local 268 realleges and incorporates by reference each and every allegation contained in paragraphs one (1) through seventy-four (74) above, as if fully rewritten herein, and further avers and states as follows:

76. The 2022-25 CBA is a contract between an employer and a labor organization within the meaning of 29 USC § 185.

77. Under the 2022-25 CBA, Mason Companies is only permitted to discipline an employee in the Bargaining Unit for "just cause."

78. Under the terms of the 2022-25 CBA, Mason Companies is prohibited from discriminating against an employee based on union membership.

79. The 2022-25 CBA contains an arbitration agreement.

80. The arbitration agreement in the 2022-25 CBA covers disputes over whether Mason Companies has the required just cause to discipline an employee in the Bargaining Unit.

81. The issue of whether Mason Companies had just cause to terminate Dutton's employment is substantively arbitrable.

82. The arbitration agreement in the 2022-25 CBA covers disputes over whether Mason Companies has discriminated against an employee based on union membership.

83. The issue of whether Mason Companies discriminated against Dutton based on union membership is substantively arbitrable.

84. Mason Companies' refusal to arbitrate the Grievance is a violation of the 2022-25 CBA.

85. Mason Companies' violation of the 2022-25 CBA for refusing to arbitrate the Grievance is a violation of a contract between an employer and a labor organization within the meaning of 29 USC § 185.

86. Local 268 is entitled to its reasonable costs and attorneys' fees in bringing this suit for violation of a contract under 29 USC § 185 because Mason Companies has no reasonable basis

for refusing to arbitrate the Grievance and/or Mason Companies has acted in bad faith by refusing to arbitrate the Grievance.

## SECOND CAUSE OF ACTION
### Petition to Compel Arbitration under 9 USC § 4

87. Local 268 realleges and incorporates by reference each and every allegation contained in paragraphs one (1) through eighty-six (86) above, as if fully rewritten herein, and further avers and states as follows:

88. The 2022-25 CBA is a contract evidencing a transaction involving commerce that contains a written provision to settle by arbitration controversies arising out of the contract within the meaning of 9 USC § 2.

89. The controversy between Local 268 and Mason Companies over whether Mason Companies had just cause to terminate Dutton's employment is a controversy arising out of the 2022-25 CBA.

90. The controversy between Local 268 and Mason Companies over whether Mason Companies discriminated against Dutton based on union membership is a controversy arising out of the 2022-25 CBA.

91. Mason Companies has failed, neglected, and/or refused to arbitrate the controversy between Local 268 and Mason Companies over whether Mason Companies had just cause to terminate Dutton's employment.

92. Mason Companies has failed, neglected, and/or refused to arbitrate the controversy between Local 268 and Mason Companies over whether Mason Companies discriminated against Dutton based on union membership.

93. Mason Companies has failed to comply with the agreement to arbitrate contained in the 2022-25 CBA.

94. Mason Companies' refusal to arbitrate the Grievance is a failure to arbitrate under a written agreement for arbitration within the meaning of 9 USC § 4.

95. Local 268 is entitled to its reasonable costs and attorneys' fees in bringing this petition to compel arbitration under 9 USC § 4 because Mason Companies has no reasonable basis for refusing to arbitrate the Grievance and/or Mason Companies has acted in bad faith by refusing to arbitrate the Grievance.

### THIRD CAUSE OF ACTION
**(In the Alternative)**
**Disciplinary Action in Violation of a Contract under 29 USC § 185**

96. Local 268 realleges and incorporates by reference each and every allegation contained in paragraphs one (1) through ninety-five (95) above, as if fully rewritten herein, and further avers and states as follows:

97. Mason Companies violated the 2022-25 CBA when it terminated Dutton without just cause on or about September 26, 2024.

98. Mason Companies violated the 2022-25 CBA when it discriminated against Dutton based on union membership by terminating her employment on or about September 26, 2024.

99. Mason Companies' violation of the 2022-25 CBA for terminating Dutton without just cause is a violation of a contract between an employer and a labor organization within the meaning of 29 USC § 185.

100. Mason Companies' violation of the 2022-25 CBA for discriminating against Dutton based on union membership is a violation of a contract between an employer and a labor organization within the meaning of 29 USC § 185.

101. Local 268 is entitled to its reasonable costs and attorneys' fees in bringing this suit for violation of a contract under 29 USC § 185 because Mason Companies has no reasonable basis

for terminating Dutton's employment and/or Mason Companies has acted in bad faith by terminating Dutton's employment.

## PRAYER FOR RELIEF

WHEREFORE, Local 268 respectfully prays that this Court:

1. Declare that the Grievance in its entirety is substantively arbitrable and subject to arbitration, including all questions of procedural arbitrability related to the Grievance, if any;

2. Order Mason Companies to submit the Grievance in its entirety to final and binding arbitration, including all questions of procedural arbitrability related to the Grievance, if any;

3. Order Mason Companies to take such actions as may be necessary to facilitate arbitration of the Grievance, including participation in the selection of an arbitrator and the holding of an arbitration hearing to be conducted in a timely fashion;

4. Award Local 268 reasonable costs and attorneys' fees; and

5. Grant Local 268 such other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF IN THE ALTERNATIVE

In the alternative, Local 268 respectfully prays that this Court:

1. Declare that Mason Companies violated the 2022-25 CBA when it terminated Dutton's employment without just cause;

2. Declare that Mason Companies violated the 2022-25 CBA when it discriminated against Dutton based on union membership by terminating her employment;

3. Order Mason Companies to immediately reinstate Dutton to her former position with full back pay, pre- and post-judgment interest, seniority, and all fringe benefits from the date of her termination; or, in the alternative, award Dutton full back pay, front pay, and other future damages, along with pre- and post-judgment interest;

4.       Award Local 268 reasonable costs and attorneys' fees; and

5.       Grant Local 268 such other and further relief as this Court may deem appropriate.

Dated this 26th day of June 2025.

                                Respectfully submitted,

                                */s/ Jeffrey J. Geisinger*

                                JEFFREY J. GEISINGER (*Pro Hac Vice*, OH 0098424)
                                DANIELLE L. MURPHY (*Pro Hac Vice*, OH 0085034)
                                ICWUC/UFCW Legal Department
                                1655 West Market Street, 6th Floor
                                Akron, OH 44313
                                330/926-1444
                                dmurphy@icwuc.org
                                jgeisinger@icwuc.org

                                Attorneys for Plaintiff, Local 268

**JURY TRIAL DEMANDED**